**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| 1.  FEDERAL NATIONAL MORTGAGE ASSOCIATION | ) ) ) | |
| Plaintiff, | ) ) | Case No. 26-cv-01400 |
| v. | ) ) | |
| 1.  MARC KULICK<br>2.  JOHN ALEXANDER UPPERMAN<br>3.  IRA MONDRY<br>4.  KEVIN D. MOORE<br>5.  VESTA REALTY, LLC | ) ) ) ) ) ) | |
| Defendants. | ) | |

**DEFENDANTS MARC KULICK AND VESTA REALTY, LLC'S**
**ANSWER TO COMPLAINT**

Defendants Marc Kulick ("Kulick") and Vesta Realty, LLC ("Vesta"), by and through their counsel of record, Eller & Detrich, hereby Answer Plaintiff's Complaint [Dkt. 1] ("Complaint") as follows:

**Parties**

1.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint and therefore deny the same.

2.     Defendants deny the allegations in Paragraph 2 of the Complaint.

3.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint and therefore deny the same.

4.      Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 4 of the Complaint and therefore deny the same.

5.      Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 5 of the Complaint and therefore deny the same.

6.      Defendants admit the allegations in Paragraph 6 of the Complaint.

7.      Paragraph 7 consists of a definition to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 7 of the Complaint.

**Jurisdiction and Venue**

8.      Defendants admit the allegations in Paragraph 8 of the Complaint.

9.      Defendants admit the allegations in Paragraph 9 of the Complaint.

**Factual Background**

10.     Defendants admit that the multi-family apartment complexes in subparagraphs (a)-(g) and (i) of Paragraph 10 of the Complaint are located in Oklahoma. Canopy Apartments listed in subparagraph (h) is located in Arkansas. The remaining allegations in Paragraph 10 of the Complaint consists of a definition to which no response is required. To the extent a response is required, Defendants deny the remaining allegations in Paragraph 10 of the Complaint.

11.     Defendants admit only that each of the Apartment Complexes is owned by an LLC that is a special purpose entity, or SPE, meaning that each LLC's only tangible

2

asset is the apartment complex it owns. Defendants deny the remaining allegations in Paragraph 11 of the Complaint.

12.    Defendants admit only that Kulick is designated as the "Key Principal" on the Loan documents for each Apartment Complex SPE, and he is a guarantor on each of the Loans except the Lexington Commons Loan. Defendants deny the remaining allegations in Paragraph 12 of the Complaint.

13.    Defendants admit only that Kulick is the founder and CEO of Vesta Realty, and that Vesta Realty is, by contract, the property management company for each of the Apartment Complexes. Defendants deny the remaining allegations in Paragraph 13 of the Complaint.

14.    Defendants deny that Fannie Mae loaned money to Kulick. Fannie Mae's loans were to the SPEs. Defendants admit that Fannie Mae loaned the SPEs more than $187 million to purchase the Apartment Complexes. Defendants deny the remaining allegations, if any, in Paragraph 14 of the Complaint.

15.    Defendants admit the allegations in Paragraph 15 of the Complaint as to Kulick.

16.    Defendants admit only that the Loans are non-recourse, but under the Loan Agreements, there are certain acts that the SPE Borrowers can take that trigger additional liability. The Loan Agreements speak for themselves. Defendants deny the remaining allegations in Paragraph 16 of the Complaint.

17.     Defendants admit the allegations in Paragraph 17 of the Complaint except subsection (c). Defendants deny the allegations in subsection (c) of Paragraph 17 of the Complaint. The Loan Agreements speak for themselves.

### Defaults and Triggering of Personal Liability

18.     Defendants admit only that no payments were made on the loans *after* Fannie Mae sent their Notices of Acceleration on December 23, 2025 for One Eton Square and January 9, 2026 for the other Apartment Complexes. Defendants deny the remaining allegations in Paragraph 18 of the Complaint.

19.     Defendants admit the allegations in Paragraph 19 of the Complaint. The Mortgages speak for themselves.

20.     Defendants admit only that the Loan Agreement states, "Borrower shall: (1) pay to Lender upon demand all Rents after an Event of Default has occurred and is continuing," and that Plaintiff's Notices of Acceleration stated, "UNTIL FURTHER NOTICE, ANY RENTS BORROWER RECEIVED AFTER THE OCCURRENCE OF THE EVENT OF DEFAULT SHALL BE RECEIVED AND HELD BY BORROWER IN TRUST FOR THE BENEFIT OF FANNIE MAE." The Loan documents speak for themselves. Defendants deny the remaining allegations in Paragraph 20 of the Complaint.

21.     Defendants deny the allegations in Paragraph 21 of the Complaint.

22.     Defendants deny the allegations in Paragraph 22 of the Complaint.

23.     Defendants deny the allegations in Paragraph 23 of the Complaint.

24.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 24 of the Complaint and therefore deny the same.

25.     Defendants admit that there has been at least one mechanics and materialmen's liens filed against each of the properties, but Defendants deny that rents are not being paid to contractors who do work on the properties. Defendants deny the remaining allegations, if any, in Paragraph 25 of the Complaint.

26.     Defendants admit that Fannie Mae force placed insurance policies for all Apartment Complexes *before* their insurance was set to lapse. Defendants were prepared to pay for the renewal of insurance but were unable to do so due to Plaintiff's force placed insurance policies. Defendants deny the remaining allegations in Paragraph 26 of the Complaint.

27.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 27 of the Complaint and therefore deny the same.

28.     Defendants deny the allegations in Paragraph 28 of the Complaint.

29.     Defendants deny the allegations in Paragraph 29 of the Complaint.[1]

30.     Defendants deny the allegations in Paragraph 30 of the Complaint.

## COUNT I – BREACH OF GUARANTY AGREEMENTS
### (Guarantor Defendants)

---

[1] Defendants also deny the allegations in Footnote One to Paragraph 29 of the Complaint.

31.    Defendants incorporate by reference herein its Answers to Paragraphs 1-30 of the Complaint above.

### *Remington Ranch Apartment Loan*

32.    Defendants admit the allegations in Paragraph 32 of the Complaint.

33.    Defendants admit the allegations in Paragraph 33 of the Complaint as to Kulick.

34.    Defendants deny the allegations in Paragraph 34 of the Complaint. The Loan documents speak for themselves.

35.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 35 of the Complaint and therefore deny the same.

36.    Defendants admit only that the borrower did not pay the January 2026 debt service payment. Defendants deny the remaining allegations in Paragraph 36 of the Complaint.

37.    Defendants deny the allegations in Paragraph 37 of the Complaint.

38.    Defendants admit only that the City of Stillwater passed a resolution on February 9, 2026. Defendants deny the remaining allegations in Paragraph 38 of the Complaint.

39.    Defendants admit the allegations in Paragraph 39 of the Complaint only as to the unpaid $13,470,000.00 principal amount. Defendants deny the remaining allegations in Paragraph 39 of the Complaint.

40.    Defendants deny the allegations in Paragraph 40 of the Complaint.

41. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 41 of the Complaint and therefore deny the same.

### *Capitol on 28th Loan*

42. Defendants admit the allegations in Paragraph 42 of the Complaint.

43. Defendants admit the allegations in Paragraph 43 of the Complaint as to Kulick.

44. Defendants deny the allegations in Paragraph 44 of the Complaint. The Loan documents speak for themselves.

45. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 45 of the Complaint and therefore deny the same.

46. Defendants admit only that the borrower did not pay the October 2025 – February 2026 debt service payments. Defendants deny the remaining allegations in Paragraph 46 of the Complaint.

47. Defendants admit only that certain lawsuits have been filed against Marc Kulick and that the lawsuits speak for themselves and that a second mortgage and certain mechanics and materialmen's liens have been filed against the property and speak for themselves. Defendants deny the remaining allegations, if any, in Paragraph 47 of the Complaint.

48.     Defendants admit the allegations in Paragraph 48 of the Complaint only as to the unpaid $21,408,000.00 principal amount. Defendants deny the remaining allegations in Paragraph 48 of the Complaint.

49.     Defendants deny the allegations in Paragraph 49 of the Complaint.

50.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 50 of the Complaint and therefore deny the same.

### Woodscape Apartments Loan

51.     Defendants admit the allegations in Paragraph 51 of the Complaint.

52.     Defendants admit the allegations in Paragraph 52 of the Complaint as to Kulick.

53.     Defendants deny the allegations in Paragraph 53 of the Complaint. The Loan documents speak for themselves.

54.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 54 of the Complaint and therefore deny the same.

55.     Defendants admit only that the borrower did not pay the November 2025 – February 2026 debt service payments. Defendants deny the remaining allegations in Paragraph 55 of the Complaint.

56.     Defendants admit only that certain lawsuits have been filed against Marc Kulick and that the lawsuits speak for themselves. Defendants deny the remaining allegations in Paragraph 56 of the Complaint.

57. Defendants admit only that a second mortgage and certain mechanics and materialmen's liens have been filed against the property and speak for themselves. Defendants deny the remaining allegations in Paragraph 57 of the Complaint.

58. Defendants admit the allegations in Paragraph 58 of the Complaint only as to the unpaid $33,800,000.00 principal amount. Defendants deny the remaining allegations in Paragraph 58 of the Complaint.

59. Defendants deny the allegations in Paragraph 59 of the Complaint.

60. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 60 of the Complaint and therefore deny the same.

### Copperfield Apartments Loan

61. Defendants admit the allegations in Paragraph 61 of the Complaint.

62. Defendants admit the allegations in Paragraph 62 of the Complaint. The Loan documents speak for themselves.

63. Defendants admit the allegations in Paragraph 63 of the Complaint. The Loan documents speak for themselves.

64. Defendants admit the allegations in Paragraph 64 of the Complaint as to Kulick.

65. Defendants deny the allegations in Paragraph 65 of the Complaint. The Loan documents speak for themselves.

66.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 66 of the Complaint and therefore deny the same.

67.     Defendants admit only that the borrower did not pay the February and March 2026 debt service payments. Defendants deny the remaining allegations in Paragraph 67 of the Complaint.

68.     Defendants admit only that certain lawsuits have been filed against Marc Kulick and that the lawsuits speak for themselves. Defendants deny the remaining allegations in Paragraph 68 of the Complaint.

69.     Defendants admit only that a second mortgage and certain mechanics and materialmen's liens have been filed against the property and speak for themselves. Defendants deny the remaining allegations in Paragraph 69 of the Complaint.

70.     Defendants admit the allegations in Paragraph 70 of the Complaint only as to the unpaid $17,641,000.00 principal amount. Defendants deny the remaining allegations in Paragraph 70 of the Complaint.

71.     Defendants deny the allegations in Paragraph 71 of the Complaint.

72.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 72 of the Complaint and therefore deny the same.

### *One Eton Square Loan*

73.     Defendants admit the allegations in Paragraph 73 of the Complaint.

74.    Defendants admit the allegations in Paragraph 74 of the Complaint. The Loan documents speak for themselves.

75.     Defendants admit the allegations in Paragraph 75 of the Complaint as to Kulick.

76.    Defendants deny the allegations in Paragraph 76 of the Complaint. The Loan documents speak for themselves.

77.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 77 of the Complaint and therefore deny the same.

78.    Defendants admit only that the borrower did not pay the November 2025 – February 2026 debt service payments. Defendants deny the remaining allegations in Paragraph 78 of the Complaint.

79.    Defendants deny the allegations in Paragraph 79 of the Complaint.

80.    Defendants deny the allegations in Paragraph 80 of the Complaint.

81.    Defendants admit only that certain lawsuits have been filed against Marc Kulick and that the lawsuits speak for themselves. Defendants deny the remaining allegations in Paragraph 81 of the Complaint.

82.    Defendants admit the allegations in Paragraph 82 of the Complaint.

83.    Defendants admit the allegations in Paragraph 83 of the Complaint only as to the unpaid $35,027,000.00 principal amount. Defendants deny the remaining allegations in Paragraph 83 of the Complaint.

84.    Defendants deny the allegations in Paragraph 84 of the Complaint.

11

85.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 85 of the Complaint and therefore deny the same.

### *Villas at Midtown Loan*

86.    Defendants admit the allegations in Paragraph 86 of the Complaint.

87.    Defendants admit the allegations in Paragraph 87 of the Complaint as to Kulick.

88.    Defendants deny the allegations in Paragraph 88 of the Complaint. The Loan documents speak for themselves.

89.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 89 of the Complaint and therefore deny the same.

90.    Defendants admit only that the borrower did not pay certain debt service payments in 2025 and 2026. Defendants deny the remaining allegations in Paragraph 90 of the Complaint.

91.     Defendants admit only that a second mortgage and certain mechanics and materialmen's liens have been filed against the property and speak for themselves. Defendants deny the remaining allegations in Paragraph 91 of the Complaint.

92.    Defendants deny the allegations in Paragraph 92 of the Complaint.

93.    Defendants admit the allegations in Paragraph 93 of the Complaint only as to the unpaid $24,868,000.00 principal amount. Defendants deny the remaining allegations in Paragraph 93 of the Complaint.

94.    Defendants deny the allegations in Paragraph 94 of the Complaint.

95.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 95 of the Complaint and therefore deny the same.

### *Barcelona Apartments Loan*

96.    Defendants admit the allegations in Paragraph 96 of the Complaint.

97.    Defendants admit the allegations in Paragraph 97 of the Complaint as to Kulick.

98.    Defendants deny the allegations in Paragraph 98 of the Complaint. The Loan documents speak for themselves.

99.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 99 of the Complaint and therefore deny the same.

100.    Defendants admit the borrower did not pay the February 2026 debt service payment. Defendants deny the remaining allegations in Paragraph 100 of the Complaint.

101.    Defendants admit only that certain lawsuits have been filed against Marc Kulick and that the lawsuits speak for themselves and that a second mortgage and certain mechanics and materialmen's liens have been filed against the property and speak for themselves. Defendants deny the remaining allegations, if any, in Paragraph 101 of the Complaint.

102.    Defendants admit the allegations in Paragraph 102 of the Complaint only as to the unpaid $13,132,000.00 principal amount. Defendants deny the remaining allegations in Paragraph 102 of the Complaint.

103.    Defendants deny the allegations in Paragraph 103 of the Complaint.

104.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 104 of the Complaint and therefore deny the same.

### Canopy Apartments

105.    Defendants admit the allegations in Paragraph 105 of the Complaint.

106.    Defendants admit the allegations Paragraph 106 of the Complaint as to Kulick.

107.    Defendants deny the allegations in Paragraph 107 of the Complaint. The Loan documents speak for themselves.

108.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 108 of the Complaint and therefore deny the same.

109.    Defendants admit only that the borrower did not pay certain debt service payments in 2025 and 2026. Defendants deny the remaining allegations in Paragraph 109 of the Complaint.

110.    Defendants admit only that certain lawsuits have been filed against Marc Kulick and that the lawsuits speak for themselves and that a second mortgage and certain mechanics and materialmen's liens have been filed against the property and speak for

14

themselves. Defendants deny the remaining allegations, if any, in Paragraph 110 of the Complaint.

111.   Defendants admit the allegations in Paragraph 111 of the Complaint only as to the unpaid $13,565,000.00 principal amount. Defendants deny the remaining allegations in Paragraph 111 of the Complaint.

112.   Defendants deny the allegations in Paragraph 112 of the Complaint.

113.   Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 113 of the Complaint and therefore deny the same.

### COUNT II – TORTIOUS INTERFERENCE
### (Vesta Realty and Marc Kulick)

114.   Defendants incorporate by reference herein its Answers to Paragraphs 1-113 of the Complaint above.

115.   Defendants admit only that Vesta Realty is, by contract, the property management company for each of the Apartment Complexes. Defendants deny the remaining allegations in Paragraph 115 of the Complaint.

116.   Defendants admit only that the Acceleration Notices sent by Plaintiff to the Borrowers, Key Principals, and Guarantors contain the quoted paragraph and that the Notices speak for themselves. The Notice of Acceleration sent on December 23, 2025 was to One Eton Square, not Remington Ranch. The remaining eight Notices of Acceleration were sent on January 9, 2026. Defendants deny the remaining allegations, if any, in Paragraph 116 of the Complaint.

117. Defendants deny the allegations in Paragraph 117 of the Complaint. The Loan documents speak for themselves.

118. Defendants deny the allegations in Paragraph 118 of the Complaint.

119. Defendants deny the allegations in Paragraph 119 of the Complaint.

120. Defendants deny the allegations in Paragraph 120 of the Complaint.

121. Defendants admit the allegations in Paragraph 121 of the Complaint.

122. Defendants deny the allegations in Paragraph 122 of the Complaint.

123. Defendants deny the allegations in Paragraph 123 of the Complaint.

124. Defendants deny the allegations in Paragraph 124 of the Complaint.

125. Defendants deny the allegations in Paragraph 125 of the Complaint.

126. Defendants deny the allegations in Paragraph 126 of the Complaint.

### COUNT III:  CONSTRUCTIVE TRUST
### (Vesta Realty and Marc Kulick)

127. Defendants deny the allegations in Paragraph 127 of the Complaint.

128. Defendants deny the allegations in Paragraph 128 of the Complaint.

129. Defendants deny the allegations in Paragraph 129 of the Complaint.

### COUNT IV:  UNJUST ENRICHMENT
### (Vesta Realty and Marc Kulick)

130. Defendants deny the allegations in Paragraph 130 of the Complaint.

131. Defendants deny the allegations in Paragraph 131 of the Complaint.

### COUNT V:  MONEY HAD AND RECEIVED
### (Vesta Realty and Marc Kulick)

132. Defendants deny the allegations in Paragraph 132 of the Complaint.

## PRAYER

Defendants deny that Plaintiff is entitled to the remedies requested in its Prayer, including subparts (a)-(c), following Paragraph 132 of the Complaint.

## AFFIRMATIVE DEFENSES

1.      Plaintiff  failed to state a claim for which relief can be granted in whole or in part.

2.      Plaintiff's claims are barred or limited, in whole or in part, by the terms of the loan documents.

3.      Plaintiff's claims are barred or limited, in whole or in part, by the doctrines of laches, accord and satisfaction, payment, waiver, estoppel, unclean hands, and/or res judicata.

Defendant reserves the right to add additional affirmative defenses as discovery and investigation of the matters alleged in the Complaont is ongoing.

**WHEREFORE,** Defendants Marc Kulick and Vesta Realty, LLC respectfully pray that Plaintiff take nothing by its Complaint, that judgment be entered in favor of Defendants, and that Defendants be awarded attorneys' fees and costs, along with such other relief as the Court deems just and proper.

Dated:  July 8, 2026

Respectfully submitted,

**ELLER & DETRICH**
**A Professional Corporation**

By: s/Lacy B. Williamson
    William C. Searcy, OBA #17938
    Lacy B. Williamson, OBA #34004
    ELLER & DETRICH, P.C.
    2727 East 21st Street, Suite 200
    Tulsa, Oklahoma 74114
    (918) 747-8900 – telephone
    (918) 747-2665 – facsimile
    wsearcy@ellerdetrich.com
    lwilliamson@ellerdetrich.com
    ATTORNEY FOR DEFENDANTS
    MARC KULICK AND VESTA REALTY, LLC

## Certificate of Service

I hereby certify that on July 8, 2026, I electronically transmitted the attached document to the Clerk of Court using the Electronic Case Filing System for filing. Based on the records currently on file in this case, the Clerk of Court will transmit a Notice of Electronic Filing to those registered participants of the ECF System.

s/Lacy B. Williamson
Lacy B. Williamson