**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

1. FEDERAL NATIONAL MORTGAGE                )
   ASSOCIATION,                             )
                                            )
                      Plaintiff,            )
v.                                          )        Case No.  5:26-cv-01400-HE
                                            )
1. MARC KULICK;                             )
2. JOHN ALEXANDER UPPERMAN;                 )
3. IRA MONDRY;                              )
4. KEVIN D. MOORE;                          )
5. VESTA REALTY, LLC                        )
                                            )
                      Defendants.           )

### ANSWER OF DEFENDANT JOHN ALEX UPPERMAN

Defendant John Alex Upperman, hereby Answers the Complaint by denying each and every allegation except as specifically admitted herein. By way of further Answer, Upperman states as follows.

1-2.    Upperman is without sufficient information to admit or deny these allegations.

3.    Denied.

4-6.    Upperman is without sufficient information to admit or deny these allegations.

7.    This allegation does not call for a response

8-9.    These are conclusions of law to which no response is required. To the extent any response is deemed required, Upperman is without sufficient information to admit or deny these allegations and they are therefore denied.

10.    Upperman admits that these properties are the subject of this lawsuit, and is without sufficient information to admit or deny any other allegations.

11-13. Upperman is without sufficient information to admit or deny these allegations.

14.    Upperman states that the loan documents speak for themselves, and is without sufficient information to admit or deny the remaining allegations.

15-17. Upperman states that the loan documents speak for themselves; Upperman denies that the guaranty is absolute or unconditional, and is without sufficient information to admit or deny the remaining allegations.

18-20. Denied.

21-30  Upperman is without sufficient information to admit or deny these allegations.

31.    Upperman incorporates by reference his previous admissions, objections, and denials as set forth above.

32-34. Upperman states that the loan documents speak for themselves; Upperman denies that the guaranty is absolute or unconditional, and is without sufficient information to admit or deny the remaining allegations.

35-40. Denied.

41.    Upperman is without sufficient information to admit or deny these allegations.

42-44. Upperman states that the loan documents speak for themselves; Upperman denies that the guaranty is absolute or unconditional, and is without sufficient information to admit or deny the remaining allegations.

45-49. Denied.

50.    Upperman is without sufficient information to admit or deny these allegations.

51-53. Upperman states that the loan documents speak for themselves; Upperman denies that the guaranty is absolute or unconditional, and is without sufficient information to admit or deny the remaining allegations.

54-59. Denied.

60. Upperman is without sufficient information to admit or deny these allegations.

61-65. Upperman states that the loan documents speak for themselves; Upperman denies that the guaranty is absolute or unconditional, and is without sufficient information to admit or deny the remaining allegations.

66-71. Denied.

72. Upperman is without sufficient information to admit or deny these allegations.

73-76. Upperman states that the loan documents speak for themselves; Upperman denies that the guaranty is absolute or unconditional, and is without sufficient information to admit or deny the remaining allegations.

77-84. Denied.

85. Upperman is without sufficient information to admit or deny these allegations.

86-88. Upperman states that the loan documents speak for themselves; Upperman denies that the guaranty is absolute or unconditional, and is without sufficient information to admit or deny the remaining allegations.

89-94. Denied.

95. Upperman is without sufficient information to admit or deny these allegations.

96-98.    Upperman states that the loan documents speak for themselves; Upperman denies that the guaranty is absolute or unconditional, and is without sufficient information to admit or deny the remaining allegations.

99-103.    Denied.

104.    Upperman is without sufficient information to admit or deny these allegations.

105-107.    Upperman states that the loan documents speak for themselves; Upperman denies that the guaranty is absolute or unconditional, and is without sufficient information to admit or deny the remaining allegations.

108-112.    Denied.

113.    Upperman is without sufficient information to admit or deny these allegations.

114-132.    These allegations are not directed at Upperman, and therefore do not call for a response. To the extent any response is deemed required, Upperman states that he is without sufficient information to admit or deny these allegations.

Wherefore, having fully Answered, Upperman respectfully requests the Court enter judgment in his favor on all claims, and award Upperman fees, costs, and any other relief the Court deems just and equitable.

**Affirmative Defenses**

COMES NOW the Defendant John Alex Upperman and for his affirmative defenses to Plaintiff's claims states as follows:

1.    Plaintiff has failed to state a claim upon which relief can be granted.

2.      Any guaranty executed by Upperman is triggered by certain events which have not been triggered by the conduct of Upperman. Specifically, without limiting the foregoing, Plaintiff has not pled and cannot establish any loss event pursuant to the Loan Agreement and no springing recourse event pursuant to the Loan Agreement. The Guaranty is a limited recourse guaranty, and Plaintiff bears the burden of pleading and proving a recourse trigger and cannot meet this burden since no act or omission of Upperman constitutes such a trigger and a maturity default alone is not a Guaranteed Recourse Obligation.

3.      Upperman asserts that necessary conditions precedent have not occurred.

4.      Plaintiff's conduct constitutes contributory negligence.

5.      By virtue of Plaintiff's conduct, Plaintiff is both legally and equitably estopped from enforcing any guaranty against Upperman.

6.      Plaintiff has failed to comply with the Uniform Commercial Code.

7.      Plaintiff's claims against Upperman fail for lack of consideration.

8.      Defendant asserts the affirmative defense of fraud.

9.      Defendant asserts the affirmative defense of laches.

10.     Any guaranty executed by Upperman is triggered by certain events which have not been triggered by the conduct of Upperman.

11.     The Defendant, Mark Kulick, has committed ultra vires acts for which Upperman cannot be held responsible for contractually.

12.     The loan documents at issue are usurious.

WHEREFORE, premises considered, Upperman prays that Plaintiff take nothing against Upperman by virtue of its Petition, that Upperman be awarded his legal fees and costs in defending this action, and for such other and further relief as this Court deems proper.

Respectfully submitted,

/s/ Thomas M. Askew
Stephen Q. Peters, OBA #11469
Jason A. McVicker, OBA #31150
Thomas M. Askew, OBA #13568
Sharon K. Parker, OBA #19010
**JPM LAW | JAYNE PETERS MCVICKER**
**BURKE ASKEW & PARKER**
401 S. Boston Avenue, Suite 2000
Tulsa, Oklahoma 74103
Telephone:  918/938.7944
Facsimile:   918/938.7966
speters@jpmlawgroup.com
jmcvicker@jpmlawgroup.com
taskew@jpmlawgroup.com
sparker@jpmlawgroup.com

**ATTORNEYS FOR PLAINTIFFS, JOHN ALEX UPPERMAN, ILLINI HOLDINGS, LLC; THRIVE REAL ESTATE, LLC; WILDWOOD ASSETS, LLC; TU PROPERTIES, LLC; OAK STREET CAPITAL, LLC; and 12 OAK LENDING, LLC**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 9, 2026, I electronically filed the foregoing document with the Clerk of Court for the U.S. District Court for the Western District of Oklahoma using the CM/ECF system, which will send a notice of electronic filing to all counsel of record who are registered CM/ECF users in this case.

DATED: July 9, 2026

/s/ Thomas M. Askew
Attorney for Plaintiffs